IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

Vs.                                                                    No.  99-40075-01-SAC

DANIEL JOSEPH MEINDL,

                Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's motion for an order directing the Bureau of Prisons to credit him with a period of incarceration that he served in other cases prior to sentencing in this case and that ran from December 28, 1998, through February 1, 2001.  (Dk. 87).  The government asks the court to deny summarily the defendant's motion as raising a matter previously presented and decided and as constituting a successive habeas corpus application.  (Dk. 89).  After researching the parties' respective positions, the court is ready to rule.

**Background**

The court sentenced the defendant on February 2, 2001, to the

following terms of incarceration: 120 months on counts one, three, and five to be served concurrently and 60 months on count six to be served consecutively to the other counts. Among his objections to the presentence report, the defendant had asked that he be given credit for all pre-sentencing periods of incarceration after an arrest on March 4, 1999. At the sentencing hearing, the court granted the defendant's request explaining that while the authority to decide whether to give credit for time spent in custody awaiting disposition rests with the Bureau of Prisons, it would be "the recommendation of this court that the defendant receive this credit." (Dk. 83, pp. 7-8).

Contemporaneous with his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, the petitioner also filed two pleadings "seeking the court to clarify its ruling as to credit for the time he was incarcerated after his arrest and before sentencing." (Dk. 83, p. 7). The court addressed those pleadings in this way:

> The judgment filed in this case shows the defendant was to receive credit for the time already served in the case and that his sentences were to run concurrently with any other undischarged term of imprisonment. The court denies the defendant's request for additional clarification, as the rulings plainly state the court's recommendation and sentence. As for the credit that the defendant was to receive for time spent in custody awaiting disposition, the Bureau of Prisons makes that determination and the court is left to

> provide its recommendation, which was done here. The court finds no clerical mistakes to have been made in its orders or in the judgment entered in this case.

(Dk. 83, p. 8). In effect, the court only denied the petitioner's request to clarify what had been plainly stated at sentencing and did not address whether the Bureau of Prisons ("BOP") had correctly calculated this credit for time served awaiting disposition.

**Current Motion**

The movant/defendant contends that he is entitled to the time served "in CCA on the state cases listed in the PSR from December 29, 1998–February 2, 2001," and that the case of *Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990), shows this district court does have the authority to grant such relief upon a motion nunc pro tunc. The defendant's citation of *Barden* is not persuasive, as the issue there was the BOP's refusal to designate a state institution as a federal facility and the defendant had exhausted his administrative remedies before filing a habeas corpus petition pursuant to 28 U.S.C. § 2241. The court there granted petitioner relief under § 2241 to have the BOP to consider his application for nunc pro tunc designation of state facility as place of confinement for his federal sentence. 921 F.2d at 483-84.

At the defendant's sentencing here, the court correctly observed that it was without jurisdiction to compute and award the defendant credit under 18 U.S.C. § 3585(b) for the time already served in federal custody prior to sentencing. It is settled law that "[a] district court has no authority to compute or award sentencing credit at sentencing; rather, it is the Attorney General, through the BOP, which has the power to grant sentencing credit in the first instance." *United States v. Mata*, 145 Fed. Appx. 276, 280, 2005 WL 1953510, at *2 (10th Cir. 2005) (citing *United States v. Wilson*, 503 U.S. 329, 334 (1992); *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir.1994); *see also United States v. Brown*, 212 Fed. Appx. 747, 2007 WL 64852 at *7 (10th Cir. 2007) ("a sentencing court is without jurisdiction to award credit under § 3585(b) for time served in prior custody at sentencing." (citation omitted)).

"Calculation of a federal prisoner's sentence and any determination regarding his eligibility for credit prior to custody is governed by 18 U.S.C. § 3585." *Falan v. Gallegos*, 38 Fed. Appx. 549, 551, 2002 WL 595127, at *2 (10th Cir. 2002). The Supreme Court in *Wilson* explained the process involved in this determination:

> After a district court sentences a federal offender, the Attorney General, through BOP, has the responsibility for administering the

4

>   sentence.  *See* 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed.")  To fulfill this duty, BOP must know how much of the sentence the offender has left to serve.  Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant.
>
>   Crediting jail time against federal sentences long has operated in this manner.  After Congress enacted § 3568 in 1966, BOP developed detailed procedures and guidelines for determining the credit available to prisoners.  (citations omitted).  Federal regulations have afforded prisoners administrative review of the computation of their credits, . . ., and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies, . . . .  (citations omitted).

503 U.S. at 335.  A defendant must raise his issue of credit under § 3585(b) first with the BOP and, if unsatisfied, then seek judicial review pursuant to § 2241.[1]  *Jenkins*, 38 F.3d at 1144; *see, e.g., Binford v. United States*, 436 F.3d 1252 (10th Cir. 2006); *United States v. Mata*, 145 Fed. Appx. 276, 280, 2005 WL 1953510, *2 (10th Cir. 2005); *Buchanan v. United States Bureau of Prisons*, 133 Fed. Appx. 465, 467, 2005 WL 1168443 (10th Cir. 2005) ("Petitioner must exhaust the available

---

[1] Habeas "[p]etitions under § 2241 are used to attack the execution of a sentence" rather than to challenge the validity of a criminal conviction. *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997); *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (a petition under § 2241 "is not an additional, alternative, or supplemental remedy" to § 2254 or § 2255).

administrative remedies prior to pursuing relief under § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam)" (other citation omitted)).

The defendant's motion does not seek relief pursuant to § 2241.  Nor does his motion offer any well-pleaded facts establishing that he has exhausted his administrative remedies or that he has any grounds for arguing the administrative process would be futile for him.  There is no record from which the court can determine what and how the BOP has calculated any applicable § 3585(b) periods or to determine whether the defendant exhausted his administrative remedies with regard to the BOP's calculation.  Thus, before the defendant may pursue in this court the issue of credit for time served, he must first avail himself of the administrative remedies within the Bureau of Prisons.  After exhausting his administrative remedies, he may then seek judicial review of the computation of his credit for time served.

The defendant's only argument for additional credit for time served in the state cases is based on the district court's comments at sentencing.  This argument is flawed in several respects.  First, the sentencing court made only a recommendation, not a finding.  Second, if

the defendant's claimed days were credited against his state sentences, they are not creditable against his federal sentence under § 3585(b).  *See United States v. Wilson*, 503 U.S. at 337 ("Congress made clear that a defendant could not receive a double credit for his detention time.").  Third, a sentencing court's statement that a defendant "should receive credit for the time spent in state custody prior to commencement of his federal sentence cannot alter that result."  *Torres v. Brooks*, 203 F.3d 836, 2000 WL 158963, at *2 (10th Cir. 2000).  Consequently, the sentencing court's statement in regards to the defendant receiving credit under § 3585(b) was a mere recommendation and was "not binding on the BOP."  *Id*.

IT IS THEREFORE ORDERED that the petitioner's motion nunc pro tunc (Dk. 87) is denied but without prejudice to the petitioner filing a subsequent 28 U.S.C. § 2241 petition.

Dated this 17th day of May, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge